UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

THOMAS MAZZA, JR.

Plaintiff,

-against-                                          00-CV-6854 (BMC)(CLP)

DISTRICT COUNCIL FOR NEW YORK AND
VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

Defendant.

---------------------------------------------------------------X

THOMAS MAZZA, JR.,

Plaintiff,

-against-

ANTHONY SENECA, CARLOS SENECA,
conducting business under the name of
C & A SENECA CONSTRUCTION,

Defendants.

---------------------------------------------------------------X

# DEFENDANT UNION'S REQUESTS TO CHARGE

## Claim No. 1: Termination of Employment

A. The plaintiff claims that the Company discharged him without good cause in violation of the collective bargaining agreement. He also claims that the Union breached its duty to fairly represent him by not pursuing his case to arbitration

B. As to the first claim, you are instructed that an employer may discharge an employee covered by a collective bargaining agreement if there is good cause for his dismissal. Good cause means a real cause or basis for dismissal and not just an arbitrary whim. Good cause is a cause that a reasonable employer, acting in good faith in similar circumstances, would regard as a good and sufficient basis for terminating the services of an employee.

C. To win on this claim the plaintiff must therefore prove both of the following by a preponderance of the evidence:

    1. That his employer discharged him from his employment, and
    2. That the discharge was without good cause.

D. If, and only if, you find that the plaintiff has made this showing may you then consider whether the Union violated its duty of fair representation by not pursuing his discharge to arbitration. If, however, you find that the plaintiff was discharged for good cause, you may go no further in determining whether the Union did or did not violate its duty of fair representation concerning his discharge.

E. A union has a duty under the law to fairly represent the interests of its members in protecting their rights under a collective bargaining agreement. The plaintiff must prove by a preponderance of the evidence that the Union breached its duty to fairly represent him under the collective bargaining agreement by not pursuing his case to arbitration.

F. I charge you that an individual does not have an absolute right to require his union to pursue a grievance against his employer or to take a grievance to arbitration. A union has considerable discretion in controlling the grievance and arbitration procedure. The question is not whether the plaintiff is satisfied with the union's representation or whether it was perfect.

G. The test is basic fairness. So long as a union acts in good faith, it may exercise its discretion in determining whether to pursue or process an employee's grievance. Even if an employee's grievance has merit, a union's mere negligence or its exercise of poor judgment does not constitute a breach of its duty of fair representation. Only where a union acts in bad faith and with hostility, discrimination or arbitrariness fails to process a meritorious grievance does it violate its duty to fairly represent the union member who has made the grievance.

H. You may find that the Union violated its duty of representing him fairly only if its actions were discriminatory, in bad faith or arbitrary which means that in light of the legal and factual landscape at the time of the Union's actions the Union's behavior was so far outside a wide range of reasonableness as to be irrational.

2

**Damages Generally:**

A. If the plaintiff has proven his claim against the defendants by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I am giving instructions about damages as an indication in any way that I believe that the plaintiff should win this case. It is your task first to decide whether the defendants are liable on the specific claims presented. I am instructing you on damages only so that you will have guidance in the event you decide that the defendants are liable and that the plaintiff is entitled to recover money from the defendants.

B. The plaintiff has the burden of proving damages and the amount of those damages. If he does not provide proof on damages you should not award him damages that are based on speculation, conjecture or guess work.

C. In determining the amount of any damages, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages by way of punishment or through sympathy.

**Damages:  Claim No. 1:**

A. The amount of your verdict should be a sum that you find fairly compensates the plaintiff for the damages he has incurred. The measure of damages to which the plaintiff is entitled, if any, is the amount which the plaintiff would have earned from his employment with the employer if he had not been discharged. You must reduce this amount by any earnings that the plaintiff earned, or reasonably could have earned, from other employment.

B. The plaintiff has the duty to mitigate or minimize his damage. If you find that the plaintiff has not mitigated his damages by searching for employment or that he refused to find or accept employment you should not award him damages for that period of time in which he failed to search for work or refused to work.

C. Once you have arrived at a figure for lost wages, you must apportion those damages between the employer and the union. In making the apportionment, you should follow this guideline. The employer is liable for lost wages due solely to its breach of the collective bargaining agreement in discharging the plaintiff. The Union is responsible for any increases in lost wages caused by its failure to process the plaintiff's grievance.

## Claim No. 2:  Union's Failure to Inform

A. The plaintiff also claims that the Union failed to represent him fairly because it did not inform him that he was covered by a collective bargaining agreement. The Union claims that the plaintiff was covered by the collective bargaining agreement only for work he performed as a carpenter and only for work performed on the Holy Rosary project.

B. The Union also claims that even if the plaintiff was covered by the collective bargaining agreement the plaintiff's actions prevented the Union from representing him.

C. As to this claim you are instructed that to win the plaintiff must prove by a preponderance of the evidence that he performed work that was covered by the collective bargaining agreement and that he did not receive the benefits of the collective bargaining agreement for that work.


## Damages: Claim No. 2:

A. The plaintiff has claims under certain state and federal laws against the Company which do not involve only the Company and not the Union. You may not assess any damages against the Union on those claims unless he has proven by a preponderance of the evidence that those claims arose out of the collective bargaining agreement.

B. You may also not assess any damages against the Union for any claims that involve other employees. The only party in this action is the plaintiff and you may not consider any claims that any other person or party may or may not have.

C. If you find that the plaintiff is entitled to damages on this claim those damages must be limited to the difference of what he, and he alone, would have received under the collective bargaining agreement and what he actually did receive.

D. If you find that the plaintiff's actions or inaction prevented the Union from representing him or providing him with benefits under the collective bargaining agreement you may consider this and not award the plaintiff damages that were caused as a result of his actions or inaction.

Dated: Brooklyn, New York
     August 22, 2008

BELSON & SZUFLITA

By: _____
Gene M. J. Szuflita (GS-2861)

1310 Eighth Avenue
Brooklyn, NY 11215
(718) 843-6500

4

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the documents set forth below have been today been served upon the following:

Mr. Thomas W. Mazza
208 Bethel Avenue
Staten Island, NY  10307

Richard Wedinger, Esq.
Barry, McTiernan & Wedinger
1024 Amboy Avenue
Edison, NJ 08837

Dated: Brooklyn, New York
      August 22, 2008

Gene M. J. Szuflita

5