MS-J9045\legal\mtn032108

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X          CASE NO.:  00-CV-6854(SJ)(MJP)
THOMAS W. MAZZA,

                    Plaintiff,

      - against -

DISTRICT COUNCIL OF NEW YORK AND
VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

                    Defendants.
-----------------------------------------------------------------------X
THOMAS W. MAZZA,

                    Plaintiff,          CASE NO.: 01-CV-6002(SJ)(MJP)

      - against -

ANTHONY SENECA and CARLO SENECA,
Conducting Business Under The Name of
C & A SENECA CONSTRUCTION,

                    Defendants.
-----------------------------------------------------------------------X

## PROPOSED JURY CHARGES SUBMITTED
## ON BEHALF OF THE SENECA DEFENDANTS


Dated: Edison, New Jersey
       August 22, 2008

                    BARRY, McTIERNAN & WEDINGER
                    Attorneys for Defendants,
                    ANTHONY SENECA and CARLO SENECA,
                    Conducting Business Under The Name of
                    C & A SENECA CONSTRUCTION,
                    1024 Amboy Avenue
                    Edison, New Jersey  08837
                    (732) 225-3510
                    File No.:  MS J9045

In addition to the general instructions and burden of proof charges, the Seneca Defendants submit

The following proposed jury charges.

## IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said [or did] something, [or failed to say or do something] that was different from the testimony he gave at the trial.

## IMPEACHMENT BY WITNESSES' FELONY CONVICTION

In weighing the credibility of a witness, you may consider the fact that he has previously been convicted of a felony [a crime involving dishonesty or false statement]. Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.

## BURDEN OF PROOF WHEN ONLY PLAINTIFF HAS BURDEN

In this case, the plaintiff must prove every essential part of his claim by a preponderance of the evidence. A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

## FAIR LABOR STANDARDS ACT

This case arises under the Fair Labor Standards Act, a federal law that provides for the payment of overtime pay. The plaintiff claims that the defendant did not pay him the legally required overtime pay.

The plaintiff must prove each of the following by a preponderance of the evidence:

1. That the defendant employed the plaintiff during the time period involved;

2. That [the plaintiff's work was engaged in commerce or in the production of goods for commerce] [the defendant's business or businesses under unified operation or common control employed at least two persons and was engaged in commerce or the production of goods for commerce and had annual gross sales of at least $500,000]; and

3. That the defendant failed to pay the plaintiff the overtime pay required by law.

The term "commerce" has a very broad meaning and includes any trade, commerce, transportation, transmission or communication between any state and any place outside that state.

A person is considered to have been "engaged in the production of goods" if the person produced,

manufactured, mined, handled, transported, or in any other manner worked on such goods or worked in any closely related process or occupation directly essential to the production of goods.

An employer must pay its employees at least one and one-half times their regular rate for overtime work. An employee's regular rate is the basis for calculating any overtime pay due the employee.

The regular rate for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime rate, then, is one and one-half times that rate.

## CAUTIONARY INSTRUCTION ON DAMAGES

You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case.

## DAMAGES MAY NOT BE PUNITIVE OR SPECULATIVE

You must not award plaintiff more damages than are adequate to compensate him for the claims he is making nor shall you include any additional amount for the purpose of punishing defendant or setting an example. You must not consider plaintiff's allegations of willfulness in considering damages or take into account any evidence relating to those allegations. Consideration of willfulness is entirely separate from the question of damages. You may not increase damages because you find willfulness or decrease damages because you did not find willfulness. Nor may you include damages that are speculative, damages that are only possible or damages that are based on guesswork

## EMPLOYEE'S CLAIM AGAINST EMPLOYER AND UNION

The plaintiff makes two claims. The plaintiff first claims that his employer discharged him without just cause in violation of the collective bargaining agreement that governs the terms and conditions of the plaintiff's employment. The plaintiff's second claim is that the union breached its duty to fairly represent him as one of its members. Specifically, the plaintiff claims that the union failed to investigate [or otherwise process] the plaintiff's grievance against his employer under the grievance procedure provided by the collective bargaining agreement.

As to the first claim, you are instructed that an employer may only discharge an employee governed by a collective bargaining agreement if there is just cause for the employee's dismissal. Just cause means a real cause or basis for dismissal and not an arbitrary whim. A just cause is a cause that a reasonable employer, acting in good faith in similar circumstances, would regard as a good and sufficient basis for terminating the services of an employee.]

To win on his first claim, the plaintiff must prove both of the following by a preponderance of the evidence:

1. That his employer discharged him from his employment, and
2. That the discharge was without just cause.

If you find for the plaintiff on the first claim, you must then consider the second claim.

A union has a duty under the law to fairly represent the interests of its members in protecting their rights under a collective bargaining agreement. As to the plaintiff's second claim, the plaintiff must prove by a preponderance of the evidence that the union breached its duty to fairly represent the plaintiff's interests under the collective bargaining agreement.

However, an individual employee does not have an absolute right to require his union to pursue a grievance against his employer. A union has considerable discretion in controlling the grievance and arbitration procedure.

The question is not whether the employee is satisfied with the union representation or whether that representation was perfect.  The test is basic fairness. So long as the union acts in good faith, it may exercise its discretion in determining whether to pursue or process an employee's grievance against the employer. Even if an employee's grievance has merit, the union's mere negligence or its exercise of poor judgment does not constitute a breach of its duty of fair representation. But where a union acts in bad faith and with hostility, discrimination or arbitrariness fails to process a meritorious grievance, the union violates its duty to fairly represent the union member who has made the grievance.

## DAMAGES ON EMPLOYERS CLAIM AGAINST EMPLOYER AND UNION

The amount of your verdict should be a sum that you find fairly compensates the plaintiff for the damages he has incurred. The measure of damages to which the plaintiff is entitled, if any, is the amount which the plaintiff would have earned from his employment with the employer if he had not been discharged. You must reduce this amount by any earnings that the plaintiff earned, or reasonably could have earned, from other employment.  The plaintiff has the duty to mitigate or minimize his damage. The defendants are not responsible for lost earnings that the plaintiff could have avoided if he had used reasonable care in seeking other employment to avoid or minimize the injury.]

Once you have arrived at a figure for lost wages or damages, you must apportion those damages between the employer and the union. In making the apportionment, you should follow this guideline. The employer is liable for lost wages due solely to its breach of the collective bargaining agreement in discharging the plaintiff. The union is responsible for any increases in lost wages caused by its failure to process the plaintiff's grievance.

### Retaliation

The Plaintiff alleges that the Defendant retaliated, that is, took revenge against the Plaintiff because the Plaintiff had previously taken steps seeking to enforce the Plaintiff's lawful rights under  the Fair Labor Standards Act and/or the New York State Labor Law.

You are instructed that those laws prohibit any retaliatory action being taken against an employee by an employer because the employee has asserted rights or made complaints under those laws. So, even if a complaint of an unfair labor practice made against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be his lawful rights. To establish "good faith," however, it is insufficient for the Plaintiff to merely allege that his  belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

In order to establish the claim of unlawful retaliation, therefore, the Plaintiff must prove by a preponderance of the evidence:

First: That he  engaged in statutorily protected activity, that is, that he in good faith asserted objectively reasonable claims and formal complaints of discrimination prohibited by federal law or State law;

Second: That an adverse employment action then occurred;

Third: That the adverse employment action was causally related to the Plaintiff's statutorily protected activities; and

Fourth: That the Plaintiff suffered damages as a proximate or legal result of such adverse employment action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

For an adverse employment action to be "causally related" to statutorily protected activities it must be shown that, but for the protected activity, the adverse employment action would not have occurred. Or, stated another way, it must be shown that the protected activity by the Plaintiff was a substantial, motivating cause that made a difference in the Defendant's decision. On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's [protected activity] was the sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiff proves that [the protected activity] was a determinative consideration that made a difference in the Defendant's decision.

You should be mindful, however, that the law applicable to this case requires only that an employer not retaliate against an employee because the employee has engaged in statutorily protected activity. So far as you are concerned in this case, an employer may discharge or otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendants have shown by a preponderance of the evidence that the Plaintiff would have been dismissed for other reasons even in the absence of the statutorily protected activity. If you find that the Plaintiff would have been dismissed for reasons apart from the statutorily protected activity, then your verdict should be for the Defendant.

If you find in favor of the Plaintiff then you must award the plaintiff such sum as you find by the preponderance of the evidence will fairly and justly compensate the Plaintiff for any damages you find the Plaintiff sustained as a direct result of the Defendant's discharge of the Plaintiff. First you must determine the amount of any wages and fringe benefits the Plaintiff would have earned in his employment with the Defendant if he had not been discharge through the date of you verdict minus the amount of earnings and benefits that the Plaintiff received from other employment during that time.

Second, you must determine the amount of any other damages sustained by the Plaintiff as supported by the evidence. You must enter separate amount for each type of damages in the verdict form and must not include the same items in more than one category.

You are also instructed under the law that the Plaintiff has a duty under the law to mitigate his damages, that is to exercise diligence under the circumstance to minimize his damages. Therefore, if you find by the preponderance of the evidence that the plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to him you must reduce his damages by the amount he reasonably could have avoided had he sought out or taken advantage of such an opportunity. Remember throughout you deliberations you must not engage in speculation, guess, or conjecture and you must not award damages under this instruction by way of punishment or through sympathy.


**CONSIDER DAMAGES ONLY IF NECESSARY**

If the plaintiff has proven his claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

## MITIGATION OF DAMAGES

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.
If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages.

An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages which the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.

## Employee/Independent Contractor

It is not always clear under the law whether a person is an"employee" or not, or who the "employer" is. Some people, forexample, perform services for others while remaining self employed as "independent contractors."So, a preliminary issue for your decision in this instance is the question whether
Thomas Mazza was an employee of Seneca Construction, or whether was, instead, an independent contractor. You should resolve this question in light of the economic realities of the entire relationship of the parties, and there area number of factors you must consider, based on all the evidence in the case.

In an employer/employee relationship, the employer has the right to control the work of the employee, and to set the means and manner in which the work is done, as well as the hours of work. In contrast, an independent contractor generally must accomplish a certain work assignment within a desired time, but the details, means, and manner by which that assignment is accomplished are determined by the independent contractor, normally using special skills necessary to perform that kind of work.
An employee is usually paid on a time worked, piecework, or commission basis, and usually has vacation or sick time allowed, as well as insurance, retirement, and other fringe benefits provided by the employer. An independent contractor is ordinarily paid an agreed or set amount, or according to an agreed formula, for a given task or job. An independent contractor generally is one who has the opportunity to make a profit or faces a risk of taking a loss, while an employee generally is compensated at a predetermined rate, has no risk of loss, and has social security taxes paid by the employer.
An independent contractor usually provides the tools, equipment, and supplies necessary to do the job, while an employee usually does not. Independent contractors generally offer their services to the public or others in a particular industry, have procured necessary licenses for the carrying on of their activities, and may have a business name or listing in the phone book. Employees ordinarily work only for one or just a few employers, and do not have business names or listings. The intent of the parties is, of course, always important, but the description the parties themselves give to their relationship is not controlling; substance governs over form.

Consideration of all of the circumstances surrounding the work relationship is essential, and no one factor is determinative.

Nevertheless, the extent of the right to control the means and manner of the worker's performance is the most important factor.

Respectfully submitted,

/s/ Laurel A. Wedinger, Esq.
Barry, Mctiernan & Wedinger