UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THOMAS MAZZA, JR.,

               Plaintiff,

      - against -

DISTRICT COUNCIL FOR NEW YORK AND
VICINITY UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

               Defendant.
-----------------------------------------------------------X
THOMAS MAZZA, JR.,

               Plaintiff,

      - against -

ANTHONY SENECA, CARLO SENECA,
conducting business under the name of
C & A SENECA CONSTRUCTION,

               Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

00 CV 6854 (CLP)

01 CV 6002 (CLP)

On September 5, 2001, plaintiff, proceeding pro se, filed an action in this Court against Anthony Seneca and Carlo Seneca (the "Seneca defendants"), conducting business under the name of C & A Seneca Construction, claiming various violations of the Fair Labor Standards Act, the New York Labor Law, and the Collective Bargaining Agreement in effect between the Union and the Seneca defendants.

Following completion of discovery, the parties consented to trial before the undersigned, which began on September 15, 2008. On May 20, 2010, following a jury trial, judgment was

entered in favor of plaintiff against the Seneca defendants in the amount of $19,486.82, plus post judgment interest, pursuant to 28 U.S.C. § 1961.

Presently pending before the Court is plaintiff's motion for an award of sanctions pursuant to the Court's Memorandum and Order, dated July 1, 2008.

## DISCUSSION

I. Background

The factual and procedural history leading up to this motion is set forth in greater detail in the Court's Memorandum and Order, dated July 1, 2008, and incorporated herein. For purposes of this motion, only those facts pertinent to the calculation of monetary sanctions will be addressed in detail.

On July 1, 2008, the Court granted plaintiff's motion for sanctions, pursuant to Rule 37 of the Federal Rules of Civil Procedure, against the Seneca defendants for their spoliation of and failure to provide certain payroll records requested by plaintiff during discovery. The Court Ordered that plaintiff be awarded the costs incurred in his pursuit of these payroll records, including, but not limited to, the costs of any subpoenas he may have had to issue in seeking these records from non-parties, as well as copying costs and mailing costs, if any, incurred in retrieving these records from non-parties, and any other reasonable costs that he was able to establish resulted from the Seneca defendants' failure to provide discovery of these payroll records in a timely manner.

On July 21, 2008, plaintiff submitted a request for an award of $12,000.00, for his costs incurred as a result of his inability to obtain audit and payroll records from the Seneca defendants

or others. Upon review of plaintiff's submission, and mindful of his pro se status, the Court issued an Order on July 29, 2008, reminding plaintiff that his request for sanctions had been granted only in so far as the payroll records are concerned. Additionally, since plaintiff had not submitted any receipts, invoices, or other records to support his request for costs, the Court Ordered plaintiff to submit an affidavit explaining the basis for his request for $12,000.00, accompanied by detailed records, invoices, bills, and/or receipts.

On September 2, 2008, plaintiff filed an affidavit in support of his request for $12,000 in sanctions against the Seneca defendants. In his affidavit, plaintiff outlined the efforts he undertook to obtain discovery of the payroll records. (Mazza Aff.[1] ¶¶ 3-8). Plaintiff affirmed that his request for $12,000.00 consists of "costs that could have been prevented and costs that could have been reduced if [he] was in possession of the payroll records." (Id. ¶ 8).

Specifically, on account of the Seneca defendants' spoliation and failure to comply with plaintiff's discovery requests, plaintiff requests reimbursement for his purchase of a used computer, along with "several cartridges, exhibit tabs, reams of copy paper, different mailing costs (certified mail/return receipt, first class mail), countless faxes, copier, printer and at least 1-2 facsimile machines." (Id. ¶ 4). Plaintiff also requests reimbursement for "5 years of gas, tolls, numerous metro cards, time traveling (days lost) including but not limited to, while living in a part of New Jersey, [that he] spent traveling, via [his] wife's car, up to Court at least once a week or more which was two gas fill ups, tolls, about 75 miles each way and the New Jersey traveling lasted for approximately 6 months." (Id. ¶ 5).

---

[1] Citations to "Mazza Aff." refer to the Affidavit of Thomas Mazza, Jr., filed on September 2, 2008.

Plaintiff also represents that his wife, Stephanie Mazza, who assisted plaintiff with his motions to compel, among other tasks, lost "days from work" during the years of 2002-06. (Id. ¶ 6). As part of his request for reimbursement, plaintiff alleges that his costs also "include all of the deposition transcripts which the depositions would have been conducted more favorable to my claims with the payroll records present at such depositions." (Id. ¶ 7).

The Seneca defendants argue that, despite the affidavit filed by plaintiff, plaintiff has failed to "submit[] any supporting documentation of those costs as thrice [O]rdered by th[e] Court." (Defs.' 6/23/10 Ltr.[2] at 1). Specifically, the Seneca defendants contend that "[p]laintiff never documented any alleged costs sustained as the result of efforts undertaken to obtain the payroll records. (Id.)

II. Analysis

In this case, despite the Court's explicit Order that plaintiff support his request for costs with detailed records, invoices, bills, and/or receipts supporting his request, plaintiff has failed to provide the Court with adequate documentation of the costs that he seeks to recover. In his affidavit, filed on September 2, 2008, plaintiff merely recites certain categories of costs, such as mailings and copying costs, that were associated with the Seneca defendants' sanctionable conduct. As defendants properly note, plaintiff does not provide a detailed breakdown of these costs, or the dates when the costs were incurred;[3] nor does he provide any supporting

---

[2] Citations to "Defs.' 6/24/10 Ltr." refer to the Seneca defendants' letter to the Court, filed on June 23, 2010.

[3] As an example, plaintiff represents that during an unspecified six month period, he traveled to court "at least once a week" by car, incurring mileage and toll expenses. In the

4

documentation. Additionally, it is unclear from plaintiff's affidavit whether certain claimed costs, such as those for a used computer and one or two facsimile machines, are costs that were incurred solely because of the conduct for which the Court imposed sanctions or whether these items were acquired for general use during this litigation.[4]

Although the Court gives due regard to plaintiff's status as a pro se litigant, "[a] pro se litigant is not free from the obligation of indicating, with particularity, the costs []he incurred in making a motion, thus establishing a basis upon which a court might rely in fashioning an appropriate award for the reasonable expenses the pro se litigant has incurred." Arias-Zeballos v. Tan, No. 06 CV 1268, 2007 WL 1946542, at *1 (S.D.N.Y. June 27, 2007) (denying pro se litigant's request for costs because litigant "has not established the reasonable expenses she incurred in making the motion to compel").

Although plaintiff has failed to supply the Court with adequate documentation of the costs and expenses for which he seeks reimbursement, the Court finds that denying plaintiff any recovery would "disserve the purpose of the expense-shifting provision of Rule 37, which was

---

absence of any information as to when these court appearances were, the amount of tolls charged, the price of gas at the time, or even the location from which he was traveling, the Court is unable to verify the amount at issue or whether this time was even related to plaintiff's efforts to obtain the payroll records. Nonetheless, since it appears from the record that plaintiff attended approximately one dozen Court conferences where the parties discussed the Seneca defendants' sanctionable conduct, the Court has considered plaintiff's travel expenses in awarding the amount of $1,500.00 in sanctions. See supra page 6. If the Court was just to award $0.50 per mile, which is the current Standard Mileage Rate set by the Internal Revenue Service, see IRS Rev. Proc. 2009-54, for 75 miles each way for 12 trips, even without an award for tolls or other expenses, the amount due to Mr. Mazza would total $900.00.

[4]It is questionable whether these expenses would be reimbursable in whole or in part, but since plaintiff has not even specified the amount spent to purchase these items, the Court need not reach the issue.

5

intended to deter precisely the kind of conduct engaged in" by the Seneca defendants. Flexi-Van Leasing, Inc. v. Traficomar Shipping, Inc., No. 87 CV 6664, 1988 WL 100067, at *2 (S.D.N.Y. Sept. 16, 1998); see also West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999) (holding that an appropriate sanction for spoliation should be designed to "deter parties from engaging in spoliation") (internal quotations and citation omitted).

Based on a review of the record, and the Court's intimate knowledge of this litigation, the Court finds that plaintiff is entitled to an award in the amount of $1,500.00. This amount, which the Court finds will serve the policy interests of deterrence, consists of the Court's estimate of the reasonable printing, copying, travel and mailing costs associated with plaintiff's attempts to obtain the payroll records, including the drafting and service of subpoenas, for which the Court imposed sanctions.[5] See Flexi-Van Leasing, Inc. v. Traficomar Shipping, Inc., 1988 WL 100067, at *2 (awarding reasonable estimate of costs for Rule 37 motion, where moving party failed to adequately document such costs). The Court declines to include in this figure many other claimed costs, such as electronic equipment costs, because plaintiff has failed to provide an adequate basis to justify such a significant award.[6]

---

[5] A review of the record reveals that defendants' sanctionable conduct was discussed at approximately one dozen conferences and that plaintiff drafted and distributed more than twenty-five letters, motions, and memoranda to the Court relating to the Seneca defendants' sanctionable conduct.

[6] Additionally, to the extent that plaintiff requests attorney's fees for himself and his wife for their time expended on account of the Seneca defendants' sanctionable conduct, the Court denies this request. Although an award of attorney's fees is an authorized sanction under Rule 37, it is well established in this circuit that parties proceeding pro se are not entitled to attorney's fees. See, e.g., Arias-Zeballos v. Tan, 2007 WL 1946542, at *1 (noting: "[T]he time a pro se litigant spends making a motion is not included among the reasonable expenses contemplated by Fed. R. Civ. P. 37"); Warren Pub. Co. v. Harris Publications, Inc., No. 98 CV 3558, 2002 WL 334478, at *1 (S.D.N.Y. Feb. 28, 2002) (citing Walker v. Tri-Tech Planning Consultants, Inc.,

## CONCLUSION

For the reasons stated above, the Court Orders the Seneca defendants, by August 20, 2010, to pay plaintiff the amount of $1,500.00 in monetary sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
July 22, 2010

Cheryl L. Pollak
United States Magistrate Judge

---

149 F.R.D. 22, 23 (E.D.N.Y. 1993)).